1  Denis F. Shanagher, State Bar No. 100222
   Phillip L. Kossy, State Bar No. 071543
2  Lisa K. Widdecke, State Bar No. 213250
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5

6  Attorneys for Defendant Glotel, Inc.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 OAKLAND DIVISION

11 | NATE BOOKER and ALBERT JOHNSON, | Case No. C 05 4795 CW
   | on behalf of themselves and those similarly |
12 | situated, | **DEFENDANT'S MEMORANDUM OF**
   | | **POINTS AND AUTHORITIES IN**
13 | Plaintiffs, | **SUPPORT OF ITS MOTION TO SEVER,**
   | | **TRANSFER VENUE, AND TO STRIKE**
14 | v. | **PORTIONS OF PLAINTIFFS' FIRST**
   | | **AMENDED COMPLAINT**
15 | GLOTEL, INC.; LES CLARK; ANDY |
   | BAKER; and DOES 1 through 500, | **[Fed.R.Civ.P. 21, 12(f), 28 U.S.C. 1404(a)]**
16 | |
   | Defendants. | Hearing Date: March 24, 2006
17 | | Time: 10:00 a.m.
   | | Courtroom No.: 2
18

19

20          Defendant Glotel, Inc. ("Glotel") respectfully submits the following memorandum of

21 points and authorities in support of its motion to (1) sever Plaintiff Albert Johnson's ("Johnson")

22 Fair Labor Standards Act claim ("FLSA") from this action, (2) transfer venue as to Johnson's

23 FLSA claim, and (3) strike portions of Plaintiff Nate Booker's ("Booker") First Amended

24 Complaint (hereinafter "FAC").

25 **I.    INTRODUCTION**

26          Two individual plaintiffs bring this action against Glotel which allegedly engaged in

27 unlawful employment practices such as failure to pay overtime compensation, failure to provide

28 adequate meal and rest periods, failure to furnish accurate wage statements, failure to keep

1   accurate payroll records, and unfair business practices.  Needless to say, Glotel denies each and

2   every one of Plaintiffs' sweeping allegations.

3         Through the present motion, Glotel seeks to sever plaintiff Johnson's FLSA[1] claim

4   pursuant to Federal Rule of Civil Procedure 21 and to transfer venue of that claim pursuant to 28

5   U.S.C section 1404(a).  The basis for the motion is that Johnson is a resident of the state of Texas

6   and was employed by Glotel in Irving, Texas, he brings this claim on behalf of a nationwide class

7   of non-California residents, and, therefore, the interests of justice dictate litigating this claim in

8   Texas.

9         Glotel also moves to strike portions of the FAC pursuant to Federal Rule of Civil

10  Procedure 12(f) on the grounds that: (1) Booker improperly asserts an overtime claim pursuant to

11  non-existent Labor Code section 1994; (2) Booker is not entitled to Labor Code section 558

12  penalties, attorneys' fees; or costs in connection with his meal and rest period claims, and (3) all

13  references throughout the FAC to the California Code of Civil Procedure should be stricken on the

14  basis that all procedural issues are subject to the Federal Rules of Civil Procedure, not state court

15  procedures.

16  **II.    BRIEF SUMMARY OF THE PARTIES, THE PROPOSED CLASS DEFINITIONS,
        AND PLAINTIFFS' ALLEGATIONS**

17

18      **A.    The Plaintiffs**

19      Booker is a resident of Stockton, California, and was employed by Glotel as a cell site

20  surveyor.  He is alleged to have worked in Concord and the Sacramento area of California and in

21  Reno, Nevada, for approximately three months commencing in December 2004.  (FAC ¶ 10.)[2]

22      Johnson is a resident of the state of Texas and was allegedly employed by Glotel in Irving,

23  Texas, performing technical field support, from approximately May 2003 until 2005.  (FAC 11.)

24      **B.    Defendant**

25      Although the FAC names three defendants, the plaintiffs have agreed to dismiss the

26  _____

27  [1] 29 U.S.C. § 216(b).

28  [2] The evidence will ultimately show that he worked only in the Sacramento area for three weeks.

individual defendants, Les Clark and Andy Baker, from the lawsuit. The remaining defendant, Glotel, is a Delaware Corporation and the United States subsidiary of Glotel, Plc, which is an international company based in London and a worldwide human resource solutions provider with a network of 19 offices throughout Europe, the Americas, and Asia-Pacific, also known as the "Glotel Group".

### C.   The Representative Actions Definitions

#### 1.   California Action

Booker purports to bring his claims on behalf of himself and all others similarly situated who worked for Glotel in California as a class action composed of and defined as follows:

> All persons who are employed or have been employed by Glotel in California as non-exempt electronic technical support personnel, including technical services supporters, field technicians, cell site surveyors and others, who are/were provided to Glotel's telecommunications clients to assist in the survey, de-installation, installation, upgrading, servicing and repair of such clients' facilities, cell sites and/or equipment (the "California Plaintiff Class"). (FAC ¶ 40.)

Procedurally, such a claim is governed by Rule 23 of the Federal Rules of Civil Procedure.

#### 2.   Texas Based-Nationwide Claim

Johnson brings his claim as a nation-wide (excluding California) "opt-in" "collective action" pursuant to the FLSA on behalf of himself and the alleged numerous current and former Glotel employees who worked for Glotel outside California and in the United States, who are similarly situated with regard to their wages and claims for wages and damages, in that they have allegedly been denied proper overtime compensation for at least three years prior to the filing of this suit. (FAC ¶ 39.) Johnson alleges that some of these employees were misclassified in that they were allegedly required to sign "independent contractor" or "consultant" agreements. (FAC ¶ 22.) Procedurally, the "collective claim" is governed by 29 U.S.C. § 216(b), not Federal Rule of Civil Procedure 23.

### D.   Plaintiffs' Claims

The class action claims asserted by Booker are for overtime compensation, penalties, interest, costs, and attorneys' fees for all Glotel non-exempt technical cell site support workers,

1   field workers, and/or survey workers allegedly misclassified as independent contractors by Glotel

2   throughout the state of California.  (FAC ¶ 8.)  Based on these allegations, Booker asserts claims

3   for (1) failure to pay overtime compensation, (2) failure to provide adequate meal periods,

4   (3) failure to provide adequate rest periods, (4) failure to furnish accurate wage statements,

5   (5) failure to keep accurate payroll records, (6) waiting penalties, and (7) unfair business practices.

6   (FAC, *passim.*)

7          The collective action claims asserted by Johnson are for overtime compensation, liquidated

8   damages or interest, attorneys' fees and costs under the FLSA for all Glotel non-exempt technical

9   cell site support workers, field workers and/or survey workers employed by Glotel throughout the

10  United States, but <u>excluding California</u>.  (FAC ¶ 7.)  Based on these allegations, Johnson asserts a

11  claim against Glotel for failure to pay overtime compensation pursuant to the FLSA as the

12  nationwide putative class (excluding California).

13  **III.   THE COURT SHOULD SEVER JOHNSON'S FLSA CLAIM AND TRANSFER IT
         TO TEXAS**

14

15      **A.   Severance of Johnson's FLSA Claim Is Appropriate to Avoid Prejudice to
              Glotel and Confusion Throughout Litigation**

16          Pursuant to Federal Rule of Civil Procedure 21, "[a]ny claim against a party may be

17  severed and proceeded with separately."  Although Federal Rule of Civil Procedure 21 is entitled

18  "Misjoinder and Nonjoinder of Parties," the ability to sever claims under Rule 21 is <u>not</u> limited to

19  curing misjoinder and nonjoinder of parties.  *United States v. O'Neil,* 709 F. 2d 361, 369 (5th Cir.

20  1983); *Henderson v. AT&T,* 918 F.Supp. 1059, 1065 (S.D. Tex. 1996).  Severance of a claim may

21  be ordered to prevent delay or prejudice.  *Coleman v. Quaker Oats Co.,* 232 F. 3d 1271, 1296 (9th

22  Cir. 2000) (ten plaintiffs' age discrimination claims severed because of potential risk of legal

23  confusion because plaintiffs had worked for Quaker in six different states and the jury would have

24  to evaluate the different state law claims in light of the different state laws, risk of jury confusion

25  from having 10 different plaintiffs testify at trial, and discovery was not duplicative).  Where a

26  single claim is severed from a suit, it proceeds as a discrete, independent action and the Court may

27  render a final appealable judgment in the resulting action notwithstanding the continued existence

28

---

Case No. C 05 4795 CW
DEFENDANT'S MPA ISO MOTION TO SEVER, STRIKE
PORTIONS OF FIRST AMENDED COMPLAINT

1    of unresolved claims in the other action. *O'Neil, supra,* 709 F. 2d at 368.

2          In this case, Johnson brings his claim pursuant to the FLSA.   (FAC ¶¶ 43-50, *passim*.)

3    Booker brings his claims pursuant to the California Labor Code.  (FAC ¶ 40, *passim*.)

4          Johnson brings his claim as an "opt-in" collective action.  (FAC ¶ 39.)  Booker brings his

5    claims as an "opt-out" class action.  (FAC ¶ 40.)

6          Johnson brings his claim on behalf of himself and the alleged numerous current and former

7    Glotel employees, some of whom were allegedly misclassified.  (FAC ¶ 22.)  Booker brings his

8    claim on behalf of non-exempt employees.  (FAC ¶ 29.)

9          Johnson brings his claim on behalf of individuals who worked for Glotel outside California

10   and throughout the United States.  (FAC ¶¶ 22, 39.)  Booker brings his claims on behalf of himself

11   and all others similarly situated who worked for Glotel in California. (FAC ¶ 40.)

12         Thus, the two purported putative "classes" could not be more procedurally, factually, and

13   legally mutually exclusive.  Indeed, because these universes are so completely dissimilar, there

14   will be little to no overlap in discovery.  Prejudice to Glotel is virtually assured due to confusion

15   on the issues and procedural distinctions.  Because the likelihood of prejudice to Glotel in being

16   forced to defend Johnson's non-California claim simultaneous with Booker's California claims

17   outweighs any potential gains, this Court should sever Johnson's FLSA claim from this lawsuit.

18   *See Coleman, supra* 232 F. 3d at 1296.

19         **B.      Venue Of Johnson's FLSA Claim Should Be Transferred To Texas**

20         "For the convenience of parties, witnesses, and in the interests of justice," the Court may

21   transfer an action "to any other district or division where it might have been brought."  28 U.S.C.

22   § 1404(a).  "Convenience" to the parties and witnesses and the "interests of justice" are addressed

23   at the inherent discretion of the Court and interpreted broadly to allow the Court to consider the

24   particular facts of each case.  *E. & J. Glaao Winery v. F. & P. S.p.A.,* 899 F. Supp. 465, 466 (E.D.

25   Cal. 1994), *citing Lopez Perez v. Hufstedler*, 505 F.Supp. 39 (D.D.C. 1980).  These factors break

26   down to a number of relevant considerations including:  convenience of witnesses, judicial

27   economy, relative ease of access to proof, and availability of compulsory process.  *A.J. Industries,*

28   *Inc., v. United States Dist. Ct.,* 503 F.2d 384, 389 (9th Cir. 1974); *Van Dusen v. Barrack,* 376 U.S.

1   612, 616, 84 S. Ct. 805, 809 (1964); *Reed v. Fine Oil & Chem. Co.,* 995 F. Supp. 705, 714 (E.D.

2   Tex. 1998).

3         Here Mr. Johnson, a resident of <u>Texas</u>, who worked for Glotel in <u>Texas</u> brings his FLSA

4   claim on behalf of individuals who worked for Glotel <u>outside</u> <u>California</u> throughout the United

5   States (FAC ¶¶ 22, 39.)   Therefore, any witnesses as to Johnson's claim will likely be anywhere

6   <u>but</u> California and will likely be in Texas.   Nevertheless, Johnson brings his claim in the Northern

7   District of California – likely the most *inconvenient* forum within the United States for that claim.

8         While a plaintiff's choice in forum is typically accorded substantial weight in proceedings

9   under section 1404(a), this rule is substantially attenuated where as here, Johnson has commenced

10  this action in a forum that is not his residence.  *New Image, Inc., v. Travelers Indem. Co.,* 536 F.

11  Supp. 58, 59 (E.D. Pa. 1981).  A plaintiff's chosen forum will be accorded little deference where it

12  is apparent that plaintiff is engaged in "forum-shopping" and is offered an equally convenient

13  forum elsewhere.  *Reiffen v. Microsoft,* 104 F. Supp. 2d 48, 54 (D.D.C. 2000).   In fact, plaintiff

14  Johnson is offered a markedly <u>more</u> convenient forum in Texas.   Moreover, because California

15  lacks any significant contact with the FLSA allegations, Johnson's choice in forum should be

16  given considerably less weight.  *Chrysler Capital Corp. v. Woehling,* 663 F. Supp. 478, 482 (D.

17  Del. 1987).  Johnson's choice of forum is even less significant because he purports to represent a

18  nationwide class.  *Berenson v. National Fin'l Services,* 319 F. Supp. 2d 1, 3 (D.D.C. 2004); *IBJ*

19  *Schroeder Bank & Trust Co. v. Mellon Bank,* 730 F. Supp. 1278, 1282 (S.D. N.Y. 1999); *Boyd v.*

20  *Snyder*, 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999).

21        Because the convenience of witnesses, judicial economy, relative ease of access to proof,

22  and availability of the compulsory process all weigh in favor of litigating Johnson's claim in

23  Texas, Glotel seeks an order from this Court transferring Johnson's FLSA claim to Texas.

24  **IV.   THE COURT SHOULD STRIKE BOOKER'S REFERENCES TO LABOR CODE**

25         **SECTION 1994 THROUGHOUT HIS SECOND CLAIM**

26        Pursuant to Federal Rule of Civil Procedure 12(f), this Court "may order stricken from any

27  pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

28  A motion to strike may be granted where "it is clear that the matter to be stricken could have no

possible bearing on the subject matter of the litigation. *Leduc v. Kentucky Life Insur. Co.,* 814 F.Supp 820, 830 (N.D. Cal. 1992).

Booker alleges, as the second claim of the FAC, failure to pay overtime in violation of Labor Code section 1994. (FAC ¶¶ 51-51.) Labor Code section 1994 does not, however, exist. Because there is no such Labor Code section 1994, Glotel seeks an order from this Court striking Booker's references in the FAC to Labor Code section 1994.

**V.    THE COURT SHOULD STRIKE BOOKER'S CLAIM TO LABOR CODE SECTION 558 PENALTIES, ATTORNEYS' FEES, AND COSTS FROM THE THIRD AND FOURTH CLAIMS**

   **A.    Booker Is Not Entitled to Labor Code Section 558 Penalties, Attorneys' Fees or Costs in Association With His Meal and Rest Period Claims**

Pursuant to the Labor Code section 226.7 meal and rest period claims, Booker seeks penalties of "one hour of additional pay at the regular rate of compensation for each workday that the proper meal [and rest] periods were not provided." (FAC ¶¶ 57, 61.) On top of that, Booker also seeks Labor Code section 558 penalties, attorneys' fees and costs. (FAC ¶¶ 58, 62.) Booker is not however, entitled to Labor Code section 558 penalties on top of Labor Code section 226.7 penalties.

On November 23, 2005, the California Court of Appeal issued its opinion in *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365 (2005), addressing the central issue of whether a plaintiff bringing claims for penalties pursuant to the California Labor Code is required to exhaust his administrative remedies prior to doing so. As part of its determination of that issue, the court was required to determine which of the plaintiffs' claims involved civil penalties, which involved statutory penalties, and which involved unpaid wages. In doing so, the court held that payments pursuant to Section 226.7 are "penalties," not "wages." *Caliber Bodyworks, supra*, 134 Cal. App. 4th at 380, fn. 16 (emphasis added).

Additionally, on December 2, 2005, the California Court of Appeal issued its opinion in *Murphy v. Kenneth Cole Productions, Inc.*, 2005 DJDAR 13877, 13883-85 (December 2, 2005), including a comprehensive analysis of the Section 226.7 "penalty" or "wage" issue, and concluded that Section 226.7 provides for a "penalty." Thus, there can be no question that payments

1   pursuant to Labor Code section 226.7 are "penalties," and not "wages."

2       Labor Code section 558 *only* create penalties for "unpaid wages."  Booker, however, is not
3   seeking to recover "wages" pursuant to these claims, he is seeking to recover penalties under
4   Labor Code section 226.7.  (FAC ¶¶ 55-62.)  Booker is simply not entitled to recover penalties on
5   top of penalties.

6       In addition, Labor Code section 558 does <u>not</u> confer a right to attorneys' fees and costs.
7   Booker's claim for Labor Code section 558 civil penalties, attorneys' fees and costs must
8   therefore, be stricken from the failure to provide meal and rest period claims.  (FAC ¶¶ 58, 63.)

9       **B.    Booker Has Failed To Exhaust His Administrative Remedies As To His Claim
        For Labor Code Section 558 Penalties In Association With His Meal and Rest**
10      **Period Claims**

11      As indicated above, Plaintiff seeks Labor Code section 558 civil penalties in connection
12  with his failure to provide meal and rest period claims brought pursuant to Labor Code
13  section 226.7.  Yet Plaintiff has not alleged that he has exhausted his administrative remedies
14  pursuant to Labor Code section 2699, which he is required to do before bringing a Labor Code
15  section 558 claim for penalties pursuant to alleged violations of Labor Code section 226.7.  In
16  *Caliber Bodyworks, supra*, 134 Cal. App. 4th at 379, fn. 15, the court stated that "[a]ccording to
17  2699, subdivision (a), <u>it is the request for civil penalties for an alleged violation of a substantive</u>
18  <u>statutory provision listed in section 2699.5 that triggers the pre-filing notice and exhaustion</u>
19  <u>requirements of section 2699.3, subdivision (a)</u>" (emphasis added).

20      In this case, just as in *Caliber*, although Plaintiff does not allege a violation of Labor Code
21  section 2699, he seeks civil penalties pursuant to Labor Code section 558 for the alleged statutory
22  violation of Labor Code section 226.7.  Because Labor Code section 226.7 is listed in Labor Code
23  section 2699.5, the pre-filing notice and exhaustion requirements of section 2699.3(a) are
24  triggered.  Because Plaintiff has not alleged exhaustion of his administrative remedies, Defendants
25  move to strike Plaintiff's claim for Labor Code section 558 penalties as to Plaintiff's meal and rest
26  period claims for this additional reason.

27

28

## VI.   THE COURT SHOULD STRIKE PLAINTIFFS' REFERENCES TO THE CALIFORNIA CODE OF CIVIL PROCEDURE

Lastly, throughout the FAC, Booker purports to bring his claims as a class action under California Code of Civil Procedure section 382.  (FAC ¶¶ 6:15, 40:26-27, 42:26-27.)  Defendant moves to strike all references to the California Code of Civil Procedure on the basis that all procedural issues are subject to the Federal Rules of Civil Procedure, not state court rules.  *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78 (1938).

## VII.   CONCLUSION

Based upon the foregoing, Glotel respectfully requests an order from this Court granting Glotel's motion to sever Johnson's FLSA claim, transferring Johnson's FLSA claim to another district court, in Texas, and striking the portions of Booker's FAC as specifically indicated above and in the notice of motion and motion filed concurrently herewith.

DATED:  January 20, 2006          Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
     DENIS F. SHANAGHER
     Attorneys for Defendant Glotel, Inc.

2147138.3