Denis F. Shanagher, State Bar No. 100222
Phillip L. Kossy, State Bar No. 071543
Lisa K. Widdecke, State Bar No. 213250
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610

Attorneys for Defendant Glotel, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATE BOOKER and ALBERT JOHNSON, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GLOTEL, INC.; LES CLARK; ANDY BAKER; and DOES 1 through 500,<br><br>    Defendants. | Case No. C 05 4795 CW<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO SEVER, TRANSFER VENUE, AND TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Fed.R.Civ.P. 21, 12(f), 28 U.S.C. 1404(a)]<br><br>Hearing Date:   March 24, 2006<br>Time:             10:00 a.m.<br>Courtroom No.:  2 |

Defendant Glotel, Inc. ("Glotel") respectfully submits the following reply in support of its motion to (1) sever Plaintiff Albert Johnson's ("Johnson") Fair Labor Standards Act ("FLSA") claim from this action, (2) transfer venue as to Johnson's FLSA claim, and (3) strike portions of Plaintiff Nate Booker's ("Booker") First Amended Complaint. ("FAC")

I. **INTRODUCTION**

In an attempt to moot Glotel's motion to sever Plaintiff Johnson's FLSA claim from the First Amended Complaint, in their opposition, Plaintiffs improperly attempt to notice a "cross-motion for leave to file a second amended complaint" for the same day as the hearing on the present motion. Plaintiffs also improperly file their proposed Second Amended Complaint as an exhibit to the declaration of James Nebel and then attempt to rely upon this improperly filed

pleading in support of their opposition. Plaintiffs have disregarded Local Rule 7-2 by improperly noticing their "cross-motion for leave to file a second amended complaint," only 21 days before the hearing on the present motion. Plaintiffs also ignore Federal Rule of Civil Procedure 15(a), which allows for amendment <u>once</u> as a matter of course without leave of Court.

In their opposition, Plaintiffs further attempt to confuse the issues by arguing that they have not conceded the lack of personal jurisdiction over the individual defendants in any other jurisdiction besides California.[1] However, the analysis remains the same. For the reasons outlined in Glotel's memorandum of points and authorities and below, as Plaintiffs concede that the individual defendants do not have sufficient contacts with California, the interests of justice dictate severing Johnson's FLSA claim for litigation in Texas. Moreover, as outlined below, in the event Plaintiffs argue that the individual defendants are still a part of the case in California, the entire case should be dismissed because venue is improper as to the FLSA claim, in turn rendering pendent venue unavailable as to the Plaintiffs' state law claims.

## II. THE COURT SHOULD SEVER JOHNSON'S FLSA CLAIM AND TRANSFER IT TO TEXAS

### A. Johnson Is The Only Named Plaintiff Who Asserts An FLSA Claim

Plaintiffs argue in their opposition that both Johnson and Booker assert a FLSA claim, thereby requiring denial of Glotel's motion to sever. (Plaintiffs' Opposition ("Opposition"), p. 5.) However, because Plaintiffs are unable to point to any substantive allegations in support of this argument in their First Amended Complaint, which is the only operative pleading before this Court, they unabashedly rely upon their allegations in their original complaint. (Opposition, pp. 6-7.) But the allegations plead throughout the original complaint are totally inoperative as they have been superceded by the First Amended Complaint. *See King v. Dogan,* 31 F.3d 344, 346 (4th Cir. 1994); *Carver v. Condie,* 169 F3d 469, 472 (7th Cir. 1999) (The amended complaint supersedes the original complaint and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading.) Thus, as illustrated in Glotel's memorandum of points and authorities in support of this motion, based upon the facts as plead in Plaintiffs' First

---

[1] The two individual named defendants have not been served in this case.

Amended Complaint, the FLSA claim applies only to Johnson. Because the FLSA claim is plead only as to Johnson, the claim should be severed and venue as to that claim should be transferred to Texas.

### B. Plaintiffs' Proposed SAC Should Be Disregarded By This Court

Not only do Plaintiffs attempt to rely upon the allegations as plead in their inoperative original complaint, but they also improperly attempt to rely upon the allegations in their proposed Second Amended Complaint, arguing that "if any doubt exists as to the severability of the FLSA claim, Plaintiffs' proposed SAC will remove that doubt." (Opposition, pp. 7-8.)

Federal Rule of Civil Procedure 15(a) allows for amendment once as a matter of course without leave of Court. In this case, Plaintiffs appear to take the novel approach that all complaints filed in this action, the original complaint, the First Amended Complaint (filed without leave of court as a matter of course), and now, the Second Amended Complaint, have legal effect before this Court. This cannot be so. As outlined above, the only operative pleading properly before this Court is Plaintiffs' First Amended Complaint. *See King,* 31 F.3d at 346; *Carver,* 169 F.3d at 472. The proposed Second Amended Complaint should not be taken into consideration by this Court.

### C. Severance of Johnson's FLSA Claim Is Appropriate to Avoid Prejudice to Glotel and Confusion Throughout Litigation

Plaintiffs argue that Glotel offers no facts as to how Glotel would be prejudiced if the FLSA claim is not severed. (Opposition, p. 9.) However, as outlined in Glotel's memorandum of points and authorities, the differences between Johnson's FLSA claims and Booker's state law claims as outlined in the First Amended Complaint are vast. Specifically, Johnson brings his claim pursuant to the FLSA. (FAC ¶¶ 43-50, *passim*.) Booker brings his claims pursuant to the California Labor Code. (FAC ¶ 40, *passim*.) Johnson brings his claim as an "opt-in" collective action. (FAC ¶ 39.) Booker brings his claims as an "opt-out" class action. (FAC ¶ 40.) Johnson brings his claim on behalf of himself and the alleged numerous current and former Glotel employees, some of whom were allegedly misclassified. (FAC ¶ 22.) Booker brings his claim on behalf of non-exempt employees. (FAC ¶ 29.) Johnson brings his claim on behalf of individuals

who worked for Glotel outside California and throughout the United States. (FAC ¶¶ 22, 39.) Booker brings his claims on behalf of himself and all others similarly situated who worked for Glotel in California. (FAC ¶ 40.)

The two purported putative "classes" could not be more procedurally, factually, and legally mutually exclusive. Indeed, because these universes are so completely dissimilar, there will be little to no overlap in discovery. Prejudice to Glotel is virtually assured due to confusion on the issues and procedural distinctions. Because the likelihood of prejudice to Glotel in being forced to defend Johnson's non-California claim simultaneous with Booker's California claims outweighs any potential gains, this Court should sever Johnson's FLSA claim from this lawsuit. *See Coleman, supra* 232 F. 3d at 1296.

D.  **Venue Of Johnson's FLSA Claim Should Be Transferred To Texas**

Plaintiffs also argue, without citation to any legal authority, that the Court could very easily set up a subclass as to the FLSA claim because the state law wage and hour claims and the FLSA claim "present common issues of law and fact." (Opposition, p. 10.) Here again, the record before this Court indicates quite the opposite. Specifically, Mr. Johnson, a resident of Texas, who worked for Glotel in Texas, brings his FLSA claim on behalf of individuals who worked for Glotel outside California throughout the United States and who were allegedly misclassified. (FAC ¶¶ 22, 39.) Therefore, any witnesses as to Johnson's claim will likely be anywhere but California and will most likely be in Texas. Nevertheless, Johnson brings his claim in the Northern District of California – likely the most *inconvenient* forum within the United States for that claim.

In Plaintiffs' proposed Second Amended Complaint, to the extent it is relevant, Plaintiffs attempt to add an additional named plaintiff, Kevin DuBose, also a resident of Texas who, like Johnson, was also allegedly misclassified. (SAC, ¶¶ 12, 22.) Plaintiffs' proposed addition of Mr. DuBose as a named plaintiff further supports Glotel's argument that the FLSA claims should be litigated in Texas.

While a plaintiff's choice in forum is typically accorded substantial weight in proceedings under section 1404(a), this rule is substantially attenuated where as here, Johnson has commenced this action in a forum that is not his residence. *New Image, Inc., v. Travelers Indem. Co.*, 536 F.

Supp. 58, 59 (E.D. Pa. 1981). Indeed, a Plaintiff's chosen forum will be accorded little deference where it is apparent that plaintiff is engaged in "forum-shopping" and is offered an equally convenient forum elsewhere. *Reiffen v. Microsoft,* 104 F. Supp. 2d 48, 54 (D.D.C. 2000). In fact, plaintiff Johnson (and the proposed Plaintiff DuBose), is offered a markedly <u>more</u> convenient forum in Texas. Moreover, because California lacks any significant contact with the FLSA allegations, Johnson's choice in forum should be given considerably less weight. *Chrysler Capital Corp. v. Woehling,* 663 F. Supp. 478, 482 (D. Del. 1987). Johnson's choice of forum is even less significant because he purports to represent a nationwide class. *Berenson v. National Fin'l Services,* 319 F. Supp. 2d 1, 3 (D.D.C. 2004); *IBJ Schroeder Bank & Trust Co. v. Mellon Bank,* 730 F. Supp. 1278, 1282 (S.D. N.Y. 1999); *Boyd v. Snyder,* 44 F. Supp. 2d 966, 969 (N.D. Ill. 1999).

Because the convenience of witnesses, judicial economy, relative ease of access to proof, and availability of the compulsory process all weigh in favor of litigating Johnson's claim in Texas, Glotel seeks an order from this Court transferring Johnson's FLSA claim to Texas.

### III. ASSUMING THE INDIVIDUAL DEFENDANTS HAVE NOT BEEN DISMISSED FROM THE ACTION, THE ENTIRE ACTION SHOULD BE DISMISSED BECAUSE VENUE IN CALIFORNIA IS IMPROPER AS TO THE FLSA CLAIM

In the First Amended Complaint, Plaintiffs allege that venue is proper in the U.S.D.C. for the Northern District of California pursuant to 28 U.S.C. §1391 (b) and (c) because Glotel may be found in the Northern District and because certain of the alleged acts were committed by Glotel within the Northern District. (FAC, ¶ 4.) If the individual defendants were in the case, then the standard for venue is different, and venue is likely improper in this District. In cases in which federal jurisdiction is not founded solely on diversity jurisdiction and all defendants do not reside in the same state (which in this case, they do not), venue is only proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2) (1994). Venue may be proper in more than one district on a single claim. *See, e.g., C.H. James & Co., Inc. v. Federal Food Marketers Co.,* 927 F.Supp. 187, 189 (S.D.W.Va.1996). Traditionally, however, venue must be appropriate for each claim. *Id.*

In this case, the FLSA collective action is brought on behalf of Plaintiff Johnson, a resident of the state of Texas and numerous current and former employees who worked for Glotel <u>outside California</u> in the United States, on the basis that they have been denied proper overtime compensation for at least three years prior to the filing of the complaint. (FAC, ¶¶ 11, 39.) Where, as here, the complaint joins federal and state claims and venue is improper as to the federal claim, pendent venue is not available *even if* venue is proper as to the related state law claims. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 277-78 (D. S.C. 1999). Thus, because the federal claim is brought on behalf of Plaintiff Johnson, a resident of the state of Texas, and numerous current and former employees who worked for Glotel <u>outside California</u>, and because a substantial part of the events or omissions giving rise to the claim occurred outside of California, venue is improper as to the FLSA collective action claim, rendering venue inappropriate as to the entire action. *Sadighi,* 36 F. Supp. 2d 267, 277-78. Therefore, to the extent that Plaintiffs argue in their opposition that the individual defendants have not been dismissed from this action, the entire case should be dismissed because venue is improper as to the FLSA claim, thereby rendering venue improper as to the entire action.

## IV. THE COURT SHOULD STRIKE BOOKER'S REFERENCES TO LABOR CODE SECTION 1994 THROUGHOUT HIS SECOND CLAIM AND THE REFERENCES TO THE CALIFORNIA CODE OF CIVIL PROCEDURE

Plaintiffs attempt to moot Glotel's motion as the second claim of the First Amended Complaint for failure to pay overtime in violation of Labor Code section 1994 (FAC ¶¶ 51-51), and as to Plaintiffs' references throughout the First Amended Complaint to the California Code of Civil Procedure, by arguing that all corrections have been made in Plaintiffs' proposed Second Amended Complaint. (Opposition, pp. 15-16.) That may or may not be true. However, as outlined above, Plaintiffs' proposed Second Amended Complaint is not properly before this Court. Thus, because there is no such Labor Code section 1994 and all procedural issues are subject to the Federal Rules of Civil Procedure, not state court rules, Glotel is entitled to an order from this Court striking Booker's references in the First Amended Complaint to Labor Code section 1994 and to the California Code of Civil Procedure.

V. **THE COURT SHOULD STRIKE BOOKER'S CLAIM TO LABOR CODE SECTION 558 PENALTIES ATTORNEYS' FEES, AND COSTS FROM THE THIRD AND FOURTH CLAIMS**

A. <u>Booker Is Not Entitled to Labor Code Section 558 Attorneys' Fees or Costs in Association With His Meal and Rest Period Claims</u>

Contrary to Plaintiffs' argument, the California Supreme Court's grant of review of *Murphy v. Kenneth Cole Productions, Inc.*, 36 Cal.Rptr.3d 418 (February 22, 2006) in no way moots Glotel's motion to strike with regard to Plaintiffs' Labor Code section 558 penalties claim. As outlined in Glotel's moving papers, on November 23, 2005, the California Court of Appeal issued its opinion in *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365 (2005), addressing the central issue of whether a plaintiff bringing claims for penalties pursuant to the California Labor Code is required to exhaust his administrative remedies prior to doing so. As part of its determination of that issue, the court was required to determine which of the plaintiffs' claims involved civil penalties, which involved statutory penalties, and which involved unpaid wages. In doing so, the court held that payments pursuant to Section 226.7 are "penalties," not "wages." *Caliber Bodyworks, supra*, 134 Cal. App. 4th at 380, fn. 16 (emphasis added). *Caliber Bodyworks* is still good law. As such, Booker's claims to Labor Code section 558 penalties should be stricken from the claims related to the failure to provide meal and rest periods. (FAC ¶¶ 58, 63.)

In any event, Labor Code section 558 does <u>not</u> confer a right to attorneys' fees and costs. Booker's claim for Labor Code section 558 attorneys' fees and costs must therefore, be stricken from the meal and rest period claims. (FAC ¶¶ 58, 63.)

B. <u>Booker Has Failed To Exhaust His Administrative Remedies As To His Claim For Labor Code Section 558 Penalties In Association With His Meal and Rest Period Claims</u>

Booker concedes that as of the present time, he has not asserted a claim with the LWDA. (Opposition, p. 18.) Yet, Booker seeks Labor Code section 558 civil penalties in connection with his meal and rest period claims brought pursuant to Labor Code section 226.7. Again, the California Supreme Court's grant of review in *Murphy* has no bearing on this issue. In *Caliber Bodyworks, supra*, 134 Cal. App. 4th at 379, fn. 15, the court stated that "[a]ccording to 2699,

subdivision (a), <u>it is the request for civil penalties for an alleged violation of a substantive statutory provision listed in section 2699.5 that triggers the pre-filing notice and exhaustion requirements of section 2699.3, subdivision (a)</u>" (emphasis added).

In this case, just as in *Caliber*, although Booker does not allege a violation of Labor Code section 2699, he seeks civil penalties pursuant to Labor Code section 558 for the alleged statutory violation of Labor Code section 226.7. Because Labor Code section 226.7 is listed in Labor Code section 2699.5, the pre-filing notice and exhaustion requirements of section 2699.3(a) are triggered. As Booker admittedly has not exhausted of his administrative remedies, Booker's claim for Labor Code section 558 penalties should be stricken from Booker's meal and rest period claims for this additional reason.

## VI.   CONCLUSION

Glotel respectfully requests an order from this Court granting Glotel's motion to sever Johnson's FLSA claim and transferring Johnson's FLSA claim to another district court, in Texas. In the alternative, if the Court finds that the individual defendants have not been dismissed from this action, Glotel seeks an order from this Court dismissing the entire action on the basis that venue is improper in California. Finally, Glotel seeks an order from this Court striking the portions of Booker's First Amended Complaint as specifically indicated above and in the notice of motion and memorandum of points and authorities.

DATED: March 10, 2006        Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
    DENIS F. SHANAGHER
    Attorneys for Defendant Glotel, Inc.

195679.1

## CERTIFICATE OF SERVICE BY ELECTRONIC TRANSMISSION

*Nate Booker and Albert Johnson v. Glotel, Inc., et al.*
Case No. C 05 4795 CW

I, Tracy Moyer, declare as follows:

I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is Rincon Center II, 121 Spear Street, Suite 200, San Francisco, California 94105-1582. I am readily familiar with the business practices of this office for E-Filing and processing of pleadings for electronic transmission with the United States District Court, Northern District; I am over the age of eighteen years, and am not a party to this action.

On March 10, 2006, I served the following:

> **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO SEVER, TRANSFER VENUE, AND TO STRIKE PORTIONS OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

on the below parties in this action by:

| | |
|---|---|
| Jared E. Peterson, Esq. | James B. Nebel, Esq. |
| Law Offices of Jared E. Peterson | Flynn, Delich & Wise LLP |
| 2017 Lincoln Street | One California Street, Suite 350 |
| Berkeley, CA 94709 | San Francisco, CA 94111 |
| jaredep@pacbell.net | |

[X] **ELECTRONIC TRANSMISSION:** I declare that a copy of said document(s) was filed electronically on the above date through the ECF system for the United States District Court, Northern District of California and to the best of my knowledge notice of this filing will be transmitted to all parties through the Court's ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California on March 10, 2006.

Tracy Moyer