United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATE BOOKER and ALBERT JOHNSON, on behalf of themselves and those similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GLOTEL, INC.; LES CLARK; ANDY BAKER; and DOES 1 through 500,<br><br>　　　　Defendants.<br>_____/ | No. C 05-4795 CW<br><br>ORDER GRANTING IN PART DEFENDANT GLOTEL'S MOTION TO SEVER, TO TRANSFER VENUE AND TO STRIKE AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

　　　Defendant Glotel, Inc. has filed a motion to sever Plaintiff Albert Johnson's Fair Labor Standards Act (FLSA) claim from this action, to transfer venue as to Johnson's FLSA claim and to strike portions of Plaintiffs' first amended complaint.  Plaintiffs oppose this motion and move for leave to file a second amended complaint.  These matters were heard on March 24, 2006.  Having considered all of the papers filed by the parties and oral argument on the motions, the Court grants Defendant Glotel's motion in part and

grants Plaintiffs' motion for leave to file a second amended complaint.

## BACKGROUND

On November 22, 2005, Plaintiffs filed a class action/collective action against Defendant Glotel and two individual defendants. Plaintiffs have agreed to dismiss the individual defendants, Glotel executives, from this action.[1] Plaintiffs alleged violations of both federal and State wage and hour law. Specifically, Plaintiffs alleged that Defendant Glotel failed to pay overtime compensation, provide adequate meal periods, furnish accurate wage statements and keep accurate payroll records. Plaintiffs further alleged that Defendant Glotel engaged in unfair business practices. A couple weeks after filing their complaint, Plaintiffs filed a first amended complaint, adding a new cause of action for failure to provide rest periods.

The first amended complaint provides as follows. Plaintiff Nate Booker is a resident of Stockton, California, and was employed by Defendant Glotel as a cell site surveyor. He worked for Defendant Glotel in Concord, California, and the Sacramento area of California, as well as in Reno, Nevada. He brings his claims on behalf of himself and:

> All persons who are employed or have been employed by Glotel in California as non-exempt electronic technical

---

[1] Plaintiffs state that they only agreed to dismiss the individual defendants from this action because those defendants had insufficient contacts with California and that they did not concede lack of personal jurisdiction over the individual defendants in any other jurisdiction. Further, these defendants have not been timely served. Accordingly, the Court will dismiss all claims against them without prejudice.

2

> support personnel, including technical services supporters, field technicians, cell site surveyors and others, who are/were provided to Glotel's telecommunications clients to assist in the survey, de-installation, installation, upgrading, servicing and repair of such clients' facilities, cell sites and/or equipment (the "California Plaintiff Class").

FAC ¶ 40.

Plaintiff Johnson is a resident of Texas. He worked for Defendant Glotel in Irving, Texas, performing technical field support. According to the first amended to complaint,

> numerous current and former employees who worked for Glotel outside California in the United States and its possessions are similarly situated to plaintiff Johnson (the "FLSA Collective Plaintiffs") with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation for at least three (3) years prior to the filing of this complaint.

FAC ¶ 39.

In response to Defendant Glotel's motion to sever, to transfer and to strike, Plaintiffs have moved for leave to file a second amended complaint. This complaint seeks to add another FLSA collective action plaintiff, Kelvin DuBose, who worked for Defendant Glotel in Chicago, where Glotel's United States headquarters are located. In addition, the second amended complaint makes clear that Plaintiffs' FLSA claim is brought by all Plaintiffs, not only Plaintiff Johnson:

> This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA. In addition to the named plaintiffs, numerous current and former employees who worked for Glotel outside California in the United States and its possessions are similarly situated to the named plaintiffs (the "FLSA Collective Plaintiffs") with regard to their wages and claims for unpaid wages and damages, in that they have

3

>        been denied proper overtime compensation for at least
>        three (3) years prior to the filing of this complaint.
>        Plaintiffs Booker, Johnson and DuBose are representatives
>        of those other current and former employees and are acting
>        on behalf of their interests as well as their own
>        interests in bringing this action.

Nebel Dec., Ex. A ¶ 40.

## LEGAL STANDARD

I. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted).

II. Transfer of Venue

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute, therefore, identifies three basic factors for district courts to consider in determining whether a case should be transferred: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a). The Ninth Circuit has held that a fourth factor for the court to consider is the plaintiff's choice of forum. See Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985).

4

1  The Securities Investor court held that, unless the balance of the
2  § 1404(a) factors "is strongly in favor of the defendants, the
3  plaintiff's choice of forum should rarely be disturbed."  Id.; see
4  also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843
5  (9th Cir. 1986) ("defendant must make a strong showing . . . to
6  warrant upsetting the plaintiff's choice of forum").  The burden is
7  on the defendant to show that the convenience of parties and
8  witnesses and the interest of justice require transfer to another
9  district.  See Commodity Futures Trading Comm'n v. Savage, 611 F.2d
10 270, 279 (9th Cir. 1979).

11 III.  Motion to Strike

12     Pursuant to Federal Rule of Civil Procedure 12(f), the Court
13 may strike from a pleading "any insufficient defense or any
14 redundant, immaterial, impertinent or scandalous matter."  The
15 purpose of a Rule 12(f) motion is to avoid spending time and money
16 litigating spurious issues.  See Fantasy, Inc. v. Fogerty, 984 F.2d
17 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517
18 (1994).  Matter is immaterial if it has no essential or important
19 relationship to the claim for relief pleaded.  See Fogerty, 984
20 F.2d at 1527.  Matter is impertinent if it does not pertain and is
21 not necessary to the issues in question in the case.  See id.

22                            DISCUSSION
23 I.  Motion for Leave to File Second Amended Complaint
24     Before addressing Defendant Glotel's motion, the Court will
25 address Plaintiffs' motion for leave to file a second amended
26 complaint, which, as Defendant Glotel notes, attempts to moot its
27 motion.  Defendant Glotel argues that the Court should disregard
28                                5

Plaintiffs' motion.  Plaintiffs noticed their motion only twenty-one days before the hearing on the present motion, not the thirty-five days required by Local Rule 7-2.[2]  Thus, Defendant Glotel contends that the only operative pleading properly before this Court is Plaintiffs' First Amended Complaint.

Local Rule 7-2, however, recognizes exceptions to the general rule that "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion."  One of these exceptions is if otherwise "ordered or permitted by the assigned Judge."  Here, the Court will consider Plaintiffs' motion, even though Plaintiffs have not filed a motion to shorten time and the motion was not noticed thirty-five days before the hearing.  To do otherwise would be a waste of judicial resources, and the resources of the parties.

As noted above, Rule 15 requires that leave of the court allowing a party to amend its pleading "be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."  Webb, 655 F.2d at 979; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

As Plaintiffs note, because Rule 15 favors a liberal policy towards amendment, the non-moving party bears the burden of demonstrating why leave to amend should be not granted.  See, e.g.,

---

[2]In their notice of motion and cross-motion, Plaintiffs request that, if the Court determines that the notice for their cross-motion is inadequate, their motion for leave to file a second amended complaint be heard on April 14, 2006.

6

1  DCD Programs, 833 F.2d at 186; Genentech, Inc. v. Abbott Lab., 127
2  F.R.D. 529, 530-31 (N.D. Cal. 1989).  The Supreme Court has
3  identified four factors relevant to whether a motion for leave to
4  amend should be denied: undue delay, bad faith or dilatory motive,
5  futility of amendment, and prejudice to the opposing party.  Foman
6  v. Davis, 371 U.S. 178, 182 (1962).  Defendant Glotel does not
7  argue that any of those four factors are present.  As noted above,
8  Defendant Glotel states that Plaintiffs moved to amend their
9  complaint in an attempt to moot its motion, but that is not
10 evidence of bad faith or dilatory motive.  Indeed, given the early
11 stage of this litigation, prejudice or undue delay would be
12 difficult to establish.  Prejudice typically arises where the
13 opposing party is surprised with new allegations which require more
14 discovery or will otherwise delay resolution of the case.  See,
15 e.g., Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781
16 F.2d 1393, 1398-99 (9th Cir. 1986).  Here, as Plaintiffs note, the
17 original and proposed amended pleading share a common core of
18 operative facts, and discovery has not yet begun.

19      The Court grants Plaintiffs leave to amend their complaint.
20 II. Motion to Sever and Transfer Plaintiff Johnson's FLSA claim

21      Defendant Glotel argues that, because Plaintiff Johnson is the
22 only named plaintiff who asserts a FLSA claim, the Court should
23 sever Plaintiff Johnson's FLSA claim and transfer it to Texas.  As
24 noted above, however, the second amended complaint makes clear that
25 all three Plaintiffs are bringing a FLSA claim, not only Plaintiff
26 Johnson.  Plaintiffs note that severance of Plaintiff Johnson's
27 FLSA claim from Plaintiff Booker's FLSA claim would result in the
28

7

maintenance of two nearly identical actions under the FLSA.

Defendant Glotel does not provide the Court with sufficient cause to sever Plaintiff Johnson's FLSA claim. Severance of a claim may be ordered to prevent delay or prejudice. <u>Coleman v. Quaker Oats, Co.</u>, 232 F.3d 1271, 1296 (9th Cir. 2000). But, here, Defendant Glotel presents no evidence of how it will be prejudiced, or the case delayed, if Plaintiff Johnson's FLSA claim is not severed from the other claims in this action. Defendant Glotel describes the differences between Plaintiff Booker's claims brought under the California Labor Code and the claim brought under the FLSA; those differences, however, do not show that prejudice to Defendant Glotel is "virtually assured."

Defendant Glotel also produces no evidence to support its contention that the factor of the convenience of witnesses, judicial economy, access to proof and availability of the compulsory process all weigh in favor of litigating Plaintiff Johnson's claim in Texas. The Ninth Circuit instructs, "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." <u>Decker Coal</u>, 805 F.2d at 843. Defendant Glotel makes no such showing. As Plaintiffs note, there has been no discovery as to where the largest segment of the putative class worked or other relevant issues, such as the location of key witnesses and documents.

The Court denies without prejudice Defendant Glotel's motion to sever Plaintiff Johnson's FLSA claim and transfer it to Texas.

III. Motion to Strike

Defendant Glotel moves to strike Plaintiffs' references to

8

California Labor Code § 1994 and California Code of Civil Procedure § 382. Plaintiffs acknowledge that the reference to § 1994 is a typographical error; the pleading should have stated Labor Code § 1194. Plaintiffs state that the reference to § 382 was inadvertently not removed from the pleading; the reference should be to Federal Rule of Civil Procedure 23. Plaintiffs have fixed these errors in their second amended complaint, and Defendant Glotel's motion to strike §§ 1994 and 382 from the first amended complaint is denied as moot.

Defendant Glotel further moves to strike Plaintiff Booker's claims for penalties, attorneys' fees and costs under Labor Code § 558. Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992). Here, it is clear that, although § 558 provides civil penalties for underpaid wages, it does not provide recovery of attorneys' fees and costs. But it is not clear whether Plaintiffs can recover penalties under § 558 based on their claims under Labor Code § 226.7 for failure to provide adequate meal and rest periods. Defendant Glotel cites two cases holding that payments pursuant to § 226.7 are penalties, not unpaid wages. See Caliber Bodyworks v. Superior Court, 134 Cal. App. 4th 365 (2005); Murphy v. Kenneth Cole Productions, Inc., 134 Cal. App. 4th 728 (2005). As Plaintiffs note, however, the California Supreme Court has granted review in Murphy; one of the issues on review is whether a claim under § 226.7 results in a payment of unpaid wages or a payment of penalties. Plaintiffs

9

1  further note that one court found that payments under § 226.7 are
2  considered "wages," and not penalties.  See National Steel and
3  Shipbuilding Co. v. Superior Court, 135 Cal. App. 4th 1072 (2006).
4  And, while it seems that Plaintiffs cannot recover civil penalties
5  because they have failed to exhaust their administrative remedies,
6  it is not clear that their request for penalties under § 558 will
7  have no possible bearing on the subject matter of the litigation.
8  See Caliber Bodyworks, 134 Cal. App. 4th at 383 (finding that
9  plaintiffs who failed to plead compliance with the pre-filing
10 notice and exhaustion requirements in Labor Code § 2699.3(a) are
11 not entitled to pursue their causes of action seeking civil
12 penalties).  Plaintiffs contend that § 2699.3 allows a claimant to
13 amend, as a matter of right, an existing complaint to add a cause
14 of action under § 558, a contention Defendant Glotel does not
15 address.
16      Because Plaintiffs' request for attorneys' fees and costs
17 under § 558 will have no possible bearing on the subject matter of
18 this action, the Court will strike that request.  The Court,
19 however, will not at this time strike Plaintiffs' request for civil
20 penalties under § 558.
21                             CONCLUSION
22      For the foregoing reasons, the Court GRANTS Plaintiffs' motion
23 for leave to file their second amended complaint (Docket No. 18).
24 Plaintiffs must file their second amended complaint by April 3,
25 2006.  Defendant Glotel may stand on its prior answer or respond in
26 accordance with the Federal Rules of Civil Procedure.  The Court
27 DENIES Defendant Glotel's motion to sever and to transfer venue and
28

10

DENIES in part its motion to strike portions of Plaintiffs' complaint and GRANTS it in part (Docket No. 9). The Court strikes Plaintiffs' request for attorneys' fees and costs under § 558, but does not strike Plaintiffs' request for civil penalties. Defendant Glotel's request that the Court strike references to Labor Code § 1994 and Code of Civil Procedure § 382 is DENIED as moot. Plaintiffs' claims against individual Defendants Les Clark and Andy Baker are dismissed without prejudice for failure to serve.

    IT IS SO ORDERED.

Dated:  3/28/06

                                              CLAUDIA WILKEN
                                              United States District Judge